## In The United States District Court
## For The District of Columbia

James Mathieu
*(49 U.S.C § 40103(a)(2) – (United States);*
*5 U.S.C § 551(3) – (Party))*

v.

Texas Department of Public Safety
And Contractors
*(49 U.S.C § 351; 49 U.S.C § 352 – (United States);*
*49 U.S.C § 507(e)(1) through (3))*

Case: 1:26–cv–00460
Assigned To : Unassigned
Assign. Date : 1/20/2026
Description: Pro Se Gen. Civil (F–DECK)

49 U.S.C. § 506(a) – *Complaint*
&
Fed. R. Civ. P. 4 - *Summons*

RECEIVED
Mailroom

JAN 2 0 2026

Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

28 U.S.C § 1915.

Fed. R. Civ. P. 4(c)(3).

Fed. R. Civ. P. 4(i)(1)(A)(i) – Serving the United States.

28 U.S.C § 1916 (as applicable).

49 U.S.C § 501(b).

Invoking the Department of Transportation according to its purpose and duties pursuant to 49 U.S.C Subtitle I, Chapter 1; duties of the Secretary of Transportation pursuant to 49 U.S.C Subtitle I, Chapter 3, subchapter I; for 49 U.S.C § 507(a)(2), a civil action of intervention (49 U.S.C § 13302) to enforce redress against a violation (49 U.S.C § 507(c)) of noncompliance 49 U.S.C § 31135(b); I.e., 49 U.S.C § 31141(c)(4)(B) and (C);

49 U.S.C § 506(b) - *Facts*

Since 12/17/2023 the Texas Department of Public Safety (DPS), or Department, has continually denied to renew my Commercial Driver's License, Texas CDL #37057948, under the color of law prescribed in Texas Statutes Transportation Code Title 7; Subtitle I; Chapter 706, via the guise of "disqualifying" or "suspending" Texas CDL #37057948 through "Eligible" or "Not Eligible" statuses for failure to appear (FTA) under TRANSP. § 706.004, differing in subject

1 of 18

matter pursuant to 49 U.S.C § 14501(c)(3)(B)(i) and (ii), thereby effecting 49 U.S.C § 31136(a)(5) in potentially coercing me to violate 49 U.S.C § 31302 while violating 49 U.S.C § 31311(a)(15), inasmuch as there exists no such federal law from the Secretary; I.e., the Department's action is in violation of 49 U.S.C § 31310(h) and therefor, an invalid state disqualification; Texas CDL #37057948 is not revoked, suspended, or canceled; and I'm not disqualified from operating a commercial motor vehicle pursuant to 49 U.S.C § 31311(a)(14)(B) and (C); nor am I disqualified from operating a commercial motor vehicle under any other federal law prescribed by the Secretary. 'Recognition of a claim' required pursuant to 5 U.S.C § 551(11(B); 5 U.S.C § 551(4) – rule.

Inasmuch as Texas Statutes Transportation Code Title 7; Subtitle I; Chapter 706 provided remedy for indigency under TRAMSP. § 706.005 and § 706.006, I have sought such remedy prescribed within TRANSP. § 706.005(a) and (a)(1) from the Department and all its contractors or political subdivisions involved to no avail. However; Inasmuch as the Department or its political subdivisions are not liable for any act or omission or the damage(s) therefrom pursuant to TRANSP. § 706.011 and .012; the Department and its contractors have persisted in behaving as despotic outlaws; I.e.; 49 U.S.C § 521(b)(2)(D) – degree of culpability. Evidence of plaintiff's efforts to rectify the issue against the Department and its contractors' unwillingness to do the same is attached with this complaint pursuant to Fed. R. Evid. 101(b)(4) and 102. Proof of the Department's denial of renewal of Texas CDL #37057948 from November and December of 2025 are also available under Fed. R. Evid. 101(b)(6).

49 U.S.C § 521(b)(1)(A). Notice of 15 days to Department and Contractors pursuant to Fed. R. Civ. P. 4(a)(1)(D). Failure of the Department and its Contractors to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint accordingly with Fed. R. Civ. P. 4(a)(1)(E); Fed. R. Civ. P. 71 – Enforcing relief against a nonparty; Agency action (5 U.S.C § 551(13)) and complaint (5 U.S.C § 552(a)(4)(B)).

## Remedy:

**Relief Order**

**Agency Action (5 U.S.C § 551(13)); Ex Parte Communication (5 U.S.C § 551(14).**

***( Revised and Amended on 12/16/2025 (5 U.S.C § 552(a)(1)(E)) )***

**Declaratory, injunctive order (5 U.S.C § 551(6)) via the taking of other compulsory action on the application beneficial to plaintiff (5 U.S.C § 551(10)(G) and 5 U.S.C § 551(11)(C)). 5 U.S.C. § 551(9) – Licensing; Permission to grant approval and permit of Texas CDL #37057948 (5 U.S.C § 551(8)), to the exercise of a power and authority according to the provisions of 5 U.S.C. § 558(a), to be sanctioned and imposed within the jurisdiction delegated to the government of the District of Columbia (5 U.S.C. § 551(1)(D)) as authorized by law (5 U.S.C §**

558(b)); Declaring, in the public safety and interest, the suspension of license (TX CDL #37057948) UNLAWFUL accordingly with 5 U.S.C § 558(c)(2). Licensee and plaintiff has made timely and sufficient application for a renewal or a new license in accordance with the government of the District of Columbia rules. Therefor; license (TX CDL #37057948) with reference to an activity of a continuing nature, (I.e., plaintiff's right to life, liberty and the pursuit of happiness (5 U.S.C § 551(11)(B))); does not expire until the application has been finally determined by the government of the District of Columbia. Application of United States Code Title 5, Part I, Chapter 5, Subchapter II, Section 558 and substantive rule of general applicability adopted as authorized by law (5 U.S.C § 552(a)(1)(D)), published in the Federal Register as incorporated by reference therein with the approval of the Director of the Federal Register (5 U.S.C § 552(a)(1)(E)). Each agency is granted the authority necessary to comply with the requirements of this subchapter through the issuance of rules or otherwise. Subsequent statute may not be held to supersede or modify this subchapter, except to the extent that it does so expressly (5 U.S.C. § 559). Rule and Order effective as of the date of mailing pursuant to 49 U.S.C § 503(b), which is the date of notice, which is the date of notarization.

➤ **Immediate renewal (5 U.S.C § 551(9) and (11)(A)) of Texas Commercial Driver's License # 37057948 by Texas Department of Public Safety (December 16, 2023, Nunc Pro Tunc)**; 49 U.S.C § 502(c)(2) and (3); 49 U.S.C § 506(a); 49 U.S.C § 507(a)(2); 5 U.S.C § 551(6).

➤ Mandatory injunctive relief (5 U.S.C § 551(11)(A) – grant of money), which is interim equitable relief (49 U.S.C § 507(c)), for the duration of litigation in the form of **49 U.S.C § 322(d)(1) through (8)** and 29 U.S.C Chapter 31 et Seq. pursuant to 49 U.S.C § 40103(a)(2); I.e., Research activity and transportation information for and until adjudication of complaint containing herein, pursuant to 49 U.S.C § 329 and 49 U.S.C § 330(a) and (e)(3); 5 U.S.C § 551(7). Fed. R. Civ. P. 65(e), (e)(1) and (e)(2).

➤ Fed. R. Civ. P. 5(d)(3) (immediate) access to electronic filing and signing required. Fed. R. Civ. P. 5(d)(3)(B); 5 U.S.C § 554(b)(3).

➤ To initiate and promulgate plaintiff's participation in a tribal transportation self-governance program pursuant to 49 U.S.C § 102(f)(1)(A) through (D); 23 U.S.C § 207(k) and (k)(1); 23 U.S.C §207 (k)(2); 23 U.S.C § 218.

➤ 49 U.S.C § 31312(a)(1) and (2) - Decertification Authority (of Texas Department of Public Safety) – 5 U.S.C § 551(10)(A).

➤ 49 U.S.C § 31314 (et Seq.) – withholding amounts for State noncompliance – 5 U.S.C § 551(10)(A) – requirement of sanction.

➤ **Damage(s); including punitive damage (49 U.S.C § 507(c)) and sanction(s) ( 5 U.S.C § 551(10)(C)) via civil penalty (49 U.S.C § 521(b)(2); (b)(2)(A) and (b)(2)(D)), shall be assessed (5 U.S.C § 551(10)(E)), declared and required (5 U.S.C § 552(a)(4)(E)(i)) once complainant prevails; 5 U.S.C § 552(a)(4)(E)(ii)(I) or (II); I.e.; 5 U.S.C § 551(11)(C). 49 U.S.C § 13103.**

Fed. R. Civ. P. 9(h).

Fed. R. Civ. P. Rule C(3).

49 U.S.C § 351(b).

Et Cetera.

---

(a)

To avoid any confusion of 'duplicative complaints' pursuant to 49 U.S.C § 31143(a), a copy of this complaint and summons shall be:

(1) mailed to the United States District Court for the District of Columbia at 333 Constitutional Avenue, N.W. Washington, D.C. 20001, Room 1225 to satisfy Fed. R. Civ. P. 4(i)(1)(B);

(2) emailed to the civil-process clerk at the United States attorney's office at USATXS.CivilNotice@usdoj.gov pursuant to Fed. R. Civ. P. 4(i)(1)(A)(ii); And;

(3) mailed to the Texas Department of Public Safety Enforcement and Compliance Services at P.O. Box 4087 Austin, TX 78773 , or emailed to the same @ driver.improvement@dps.texas.gov, to satisfy Fed. R. Civ. P. 4(i)(1)(C); Unless;

(b)

Initial delivery to the United States District Court for the District of Columbia at 333 Constitutional Avenue, N.W. Washington, D.C. 20001, Room 1225 under paragraph (a), satisfies Fed. R. Civ. P. 4(i)(1)(A)(i).

---

End of Application – 49 U.S.C § 501(b).

Sincerely,
Chief Executive – ( 49 U.S.C § 10251(12) )
And Officer – ( 49 U.S.C § 31135(d)(2) )
Of Unit of Local Government – ( 34 U.S.C § 11103(8)(A)
And Labor Organization – ( 29 U.S.C § 402(i),
James J. Mathieu

Mailing Address:   9142 Howard Drive
Houston, TX 77017
Phone Number:      (281) 380 – 6077
Email Address: add4texviolators@atomicmail.io

State of Texas
County of Harris

Sworn to and subscribed before me on the 16th day of December, 2025, by James J. Mathieu, Fed. R. Civ. P. 4(l)(1), for the purposes of Fed. R. Civ. P. 4(l) and Fed. R. Civ. P. 5(d)(1) - CERTIFICATE Of SERVICE.

(Personalized Seal)

**HEATHER HOLMES**
131361523
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DECEMBER 15, 2029

Notary Public's Signature